**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAEL BRAHIM TOUNEKTI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-75237<br><br>Agency No. A078-466-191<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Ismael Brahim Tounekti, a native and citizen of Tunisia, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Tounekti's untimely asylum application was filed within a reasonable period of time from when he last held lawful status. *See* 8 C.F.R. § 1208.4(a)(5)(iv); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (application filed 22 months after expiration of lawful nonimmigrant status expired was not reasonable). Accordingly, his asylum claim fails.

Tounekti does not contend he suffered past persecution. Rather, he contends he faces a clear probability of future persecution because the government would impute to him the Islamist political opinions of his cousin and brother-in-law, who were both politically active and imprisoned by the government. Substantial evidence supports the agency finding that Tounekti has not established a clear probability of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, his withholding of removal claim fails.

08-75237

Finally, substantial evidence supports the agency's denial of Tounekti's

CAT claim because he failed to show that it is more likely than not that he will be

tortured by, or with the consent or acquiescence of Tunisian authorities if returned

to Tunisia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**